MORRISON ET AL. V. BARTHOLOMEW.

FINDINGS OF FACT, WHEN CONCLUSIVE.
The findings of fact by the trial court upon conflicting evidence will not be disturbed upon review.

*Appeal from the District Court of San Juan County.*

Messrs. BARNES & BARNES, for appellants.

Messrs. CORNFORTH & WHITEHEAD, for appellee.

REED, P. J., delivered the opinion of the court.

This suit was brought by appellee to recover $900, and a balance due on freight on an alleged purchase and delivery

of a sawmill. Appellee or his son, or both, owned the machinery pertaining to a sawmill, which was in the vicinity of Durango. Appellants were constructing buildings, owned timber, and needed lumber at Silverton. Appellant Jones and appellee had some conversation at Durango in regard to the mill. Afterwards the parties met in Denver, discussed the matter, and the following proposition was made by appellee in writing, to which he signed the name of his son. No question is made in regard to the signing of the name of the son by the appellee.

" OCT. 10, 1894.

" Sawmill complete to saw lumber, on cars, $900 ; freight on cars $100 ; hauling and putting in position $125 ; total, without covering, $1,125 ; cutting 100 M. feet of lumber $1,050. Will haul all machinery for less than others will perform same work.

" CHARLES E. BARTHOLOMEW."

It is claimed by the plaintiff that the offer was accepted as an entirety. At any rate, it is shown by the evidence that the mill was shipped, $70.00 advanced by appellants to pay freight, that it was put upon the property of appellants, was operated by the son, the 100,000 feet of lumber cut by him and paid for at the stipulated price of $10.50 per M., that at the settlement for the cutting of the lumber the $70.00 advanced for freight was not considered. The suit was brought for the price of the mill, $900, and freight, $225, less $70.00 paid,—$1,055, and interest ; was tried to the court without a jury ; finding and judgment for appellee for $1,080, and costs.

Appellants contended that they did not buy the mill and were not to pay the $225 for the delivery ; that the only contract was for the cutting of the 100,000 feet of lumber at $10.50 per thousand, which had been paid and for which they held a receipt. The evidence of the parties was conflicting, but there is one pertinent fact that should not be

overlooked: The memorandum and offer was the only one made. It was delivered to appellants and retained by them. There was no erasure, or evidence of any modification or partial acceptance. It is clear that there was an acceptance of at least a part of the offer, and that it was acted upon, and that it was regarded and retained by appellants as the basis of the contract. It was contended that appellee, by reason of having signed the name of his son to the memorandum, could not recover as owner. By reference to the written memorandum it will be seen that it was for the sale and delivery of the mill and the cutting and delivery of 100,000 feet of lumber. The evidence shows that in so far as the cutting of the lumber was concerned, it was the contract of the son, who put up the mill and cut the lumber.

The title of the mill was not in question. It was on the property of appellants and in their possession, and, there being no question in regard to either title or possession, it seems a matter of no importance whether the father or son, or both, were the owners, because in either case the title would be complete. Nor can we see how the signing by the father of the name of the son by his authorization could in any way affect the transaction. There was no necessity for the name of either ;—appellants did not sign. On the part of the father, his offer was oral. As the son was absent, and was to be a party if the contract was made, the father claimed he was authorized to represent him, and he signed the name of the son, so that in case of an acceptance there would be no misunderstanding on the part of the son.

Upon the trial appellants called witnesses to prove that the son had stated that he owned the mill. The court refused it, and this is assigned for error. The ruling was correct. All the evidence upon the question was that of the appellee and his son, who testified that it was the property of appellee, and proof that the son had said that he was the owner could in no way affect the appellant, nor prevent the recovery of appellee. The title was not in question, nor was there any attempt upon the part of appellants to show that the title

was defective, and the testimony, if admitted, could not have established title in the son.

Appellants called a witness "to show that the mill was in poor condition, and that when a party furnishes mill to cut lumber, it would not be worth more than $7.50 per thousand." The refusal to admit the testimony is assigned for error. Whether in poor or good condition was of no importance. No warranty or representations in regard to the condition were attempted to be shown. The question of the value of cutting the lumber was not involved, nor was there any question in regard to it. The lumber had been cut and paid for and a full settlement had.

The only important question in the case was one of fact,—. whether or not appellants had contracted to buy the mill. Upon the question the evidence was conflicting. The court found the fact for the plaintiff (appellee), and there was sufficient evidence to warrant the finding.

Several other supposed errors are assigned upon the admission and refusal of evidence, but they appear to be more technical than substantial. A ruling either way would not prejudice appellants nor in any way affect the merits of the controversy. The only defense was that appellants did not buy the mill, and to establish such contention the widest legal limit was allowed, and that having been found against them, the others were of no legal significance.

The judgment of the district court will be affirmed.

*Affirmed.*